**Burama JAITEH, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General
of the United States, the Office of
Homeland Security, Respondents.**

**Docket No. 03–4798.**

United States Court of Appeals,
Second Circuit.

Sept. 2, 2005.

Mark T. Kenmore, Buffalo, NY., for Petitioner.

Lora M. Taylor, Assistant United States Attorney (Frank D. Whitney, United States Attorney for the Eastern District of North Carolina; Anne M. Hayes, Assistant U.S. Attorney, on the brief), Raleigh, NC., for Respondents.

Present: WALKER, Chief Judge, CALABRESI, and STRAUB, Circuit Judges.

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order of the Board of Immigration Appeals is **AFFIRMED** and the petition for review is **DENIED.**

Petitioner Burama Jaiteh seeks review of a March 26, 2003, Board of Immigration Appeals ("BIA") order summarily affirming the December 12, 2000, decision of an immigration judge ("IJ") denying Jaiteh's applications for asylum and withholding of removal. Jaiteh argues that the IJ erred in finding that (1) the treatment he claims

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States. *See* Fed. R.App. P. 43(c)(2).

to have been subjected to in The Gambia did not constitute persecution; (2) he had not demonstrated a well-founded fear of future persecution if returned to The Gambia; and (3) his testimony was generally not credible. Familiarity with the facts and procedural history is assumed. We affirm the BIA order and deny Jaiteh's petition.

Where the BIA has adopted the reasoning of the IJ or affirmed without opinion, we may review the IJ opinion directly. *See Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). When reviewing the decision of the IJ, "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

During proceedings before the IJ, Jaiteh claimed that the Muslim religious leader of his home village, or "Imam," had publicly announced that Jaiteh was no longer a Muslim after it was discovered that he had joined the Ahmadiyyas, an Islamic sect, and that he was thereafter forbidden from worshiping in the village mosque. Jaiteh acknowledged, however, that he was not residing in his home village when he joined the Ahmadiyyas, having previously moved to a nearby city, and that he had been free to practice his faith at the mosque there at the time he left The Gambia. Whatever the situation may be in his home village, there is nothing in the record indicating that Jaiteh, as a member of the Ahmadiyyas, would be persecuted by the Gambian government or anyone else if returned to The Gambia. Therefore, the IJ's determination that Jaiteh does not have a well-founded fear of persecution is a reasonable one.

We have carefully considered Jaiteh's remaining arguments and find them to be without merit.

For the reasons set forth above, the decision of the Board of Immigration Appeals is hereby **AFFIRMED** and the petition for review is **DENIED.**